UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SIERRA LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00331-JPH-MJD |
| | ) | |
| TRANSUNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Sierra Long alleges that Defendant TransUnion, LLC, violated the Fair Credit Reporting Act ("FCRA") by inaccurately reporting a Small Business Administration ("SBA") loan on her credit report and then failing to conduct a reasonable investigation. TransUnion has filed a motion to dismiss. Dkt. [13]. For the reasons below, that motion is **DENIED**.

## I.
## Facts and Background

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Long signed as a personal guarantor for an SBA loan issued to Precise Hauling Services LLC. Dkt. 8 at 1 (amended complaint). That loan was eventually charged off. *Id.*; dkt. 8-1 at 33.[1] In May 2025, Ms. Long discovered

[1] "[W]hen a plaintiff attaches to the complaint a document . . . [and] references and relies upon that document in asserting [the] claim, the contents of that document become part of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Ms. Long attached various contracts, financial data, and correspondence with

that TransUnion was reporting the loan on her credit report, identifying it as an "Individual Account," instead of a commercial obligation that Ms. Long had guaranteed. Dkt. 8 at 1.

TransUnion also reported the account as a "consumer installment tradeline with a monthly payment obligation of approximately $2,401." *Id.* This reporting created the "impression that [Ms. Long] was personally obligated to make regular installment payments." *Id.* Moreover, "[t]he balance and payment history associated with the tradeline were inconsistent with the underlying account records maintained by the original lender." *Id.* That incorrect history created "an unreliable and inaccurate reported balance." *Id.*

Ms. Long disputed the "classification of the account as an individual consumer obligation," "[t]he reporting of a fixed monthly payment," and "[t]he accuracy of the balance" multiple times. *Id.* at 2. TransUnion responded that the account was accurate. *Id.* Ms. Long then requested the "method of verification," but TransUnion did not provide it. *Id.*

As a result of TransUnion's reporting, Ms. Long was denied a mortgage loan. *Id.*; dkt. 8-1 at 28–29. The mortgage lender treated the SBA loan "as a personal installment obligation with a monthly payment of approximately $2,401, which was included in [her] debt-to-income ratio." Dkt. 8 at 2.

---

TransUnion to her complaint and relies on those documents to assert her claims. *See, e.g.*, dkt. 8 at 2 ("Plaintiff disputed the accuracy and completeness of the tradeline with TransUnion on multiple occasions."); dkt. 8-1 at 16–27, 31–47 (emails with TransUnion). These documents are therefore considered part of the complaint. *See generally* dkt. 8-1.

Ms. Long therefore had to continue renting and was forced to take out other loans at higher interest rates. *Id.* at 2; dkt. 8-1 at 1–4, 5–15.

In February 2026, Ms. Long filed this action alleging that TransUnion (1) "failed to follow reasonable procedures to assure maximum possible accuracy" of her credit report, in violation of 15 U.S.C. § 1681e(b); (2) "failed to conduct a reasonable reinvestigation of disputed information," in violation of 15 U.S.C. § 1681i(a); and (3) committed these violations willfully and/or negligently. Dkt. 8 at 3. TransUnion has filed a motion to dismiss. Dkt. 13.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**III.**
**Analysis**

The FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing a consumer report. 15 U.S.C. § 1681e(b). If a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency," then the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is accurate." 15 U.S.C. § 1681i(a)(1)(A).[2]

TransUnion argues that Ms. Long's claims must be dismissed because she did not plausibly allege that her credit report was inaccurate. Dkt. 13-1 at 4–7. It contends that her allegations of "unspecified 'inconsistencies[]' [and]

---

[2] As TransUnion notes, the statutes Ms. Long cites in Count III create causes of action against a consumer reporting agency for willful FCRA violations, see 15 U.S.C. § 1681n, and negligent FCRA violations, *see* 15 U.S.C. § 1681o.

'inaccurate' information" are too vague and fail to identify what TransUnion should have reported and how those errors made Ms. Long's report materially misleading. *Id.* at 6. Ms. Long responds that she identified specific inaccuracies, including an account history with "multiple adjustments, reversals, and reopenings" that did not reflect the "underlying account activity" and resulted in an inaccurate balance. Dkt. 14 at 2.

Under §§ 1681e(b) and 1681i(a), Ms. Long must plausibly allege an inaccuracy in her consumer credit report. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021). The standard for inaccuracy is the same under both provisions. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 812 (7th Cir. 2023). A plaintiff must establish that the information was either (1) patently incorrect, or (2) materially misleading, including by omission. *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 772 (7th Cir. 2023). At the pleading stage, "bare assertions of error or inaccuracy" are not enough—Ms. Long must "include some description of what the error or inaccuracies are." *Mason v. Equifax Info. Servs. LLC*, No. 2:23-CV-388-PPS-AZ, 2024 WL 3373439, at *2 (N.D. Ind. July 10, 2024).

Here, Ms. Long alleged that multiple events within her account history—"adjustments," "reversals," and "reopenings"—didn't accurately reflect the "underlying account activity," which resulted in an inaccurate reported balance. Dkts. 8 at 1; 14 at 2. In other words, she identified specific types of events in her account history and alleged that they were inaccurate because they didn't match the information from the original lender. Dkt. 8 at 1.

TransUnion relies on *Mason* to argue that "bare assertions of errors and inaccurate information" are not enough. Dkt. 13-1 at 6 (citing 2024 WL 3373439, at *2–4). But Ms. Long did more than that here by identifying specific issues with her account history that made the reported balance incorrect. That is enough to plausibly plead inaccuracy. *See Chuluunbat*, 4 F.4th at 567.

TransUnion resists this conclusion by arguing that Ms. Long needed to identify a specific "false balance, false payment-history entry, [] what TransUnion should have reported," and "how any supposed adjustments, reversals, and reopenings rendered a particular field of her report misleading." Dkts. 13-1 at 6; 15 at 6. Without that information, it contends, "Plaintiff . . . asks the Court to infer inaccuracy from the mere existence of account history." Dkt. 15 at 6.

But Ms. Long need not allege a *specific* false balance or *specific* false payment-history entry at this stage. *See Iqbal*, 556 U.S. at 678 ("[D]etailed] factual allegations" are not required.). Instead, her complaint set out how the adjustments, reversals, and reopenings allegedly rendered her report inaccurate. As explained above, she claims they didn't match the underlying account activity with the original lender. Dkts. 8 at 1; 14 at 2. So, Ms. Long points to more than "the mere existence of account history"; she argues that parts of that account history are wrong, making her reported loan balance wrong. *See Twombly*, 550 U.S. at 555 (A plaintiff need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

Here, Ms. Long's allegations regarding her account history and reported balance are sufficiently detailed at this stage of the proceedings to satisfy the "patently incorrect" standard. The Court, therefore, does not reach the parties' arguments regarding additional alleged inaccuracies. Dkt. 13 at 4–5 (arguing that TransUnion's identification of the loan as an "Individual Account," rather than a guarantor obligation, was not materially misleading). As TransUnion acknowledges, the FCRA requires plaintiffs to allege inaccuracies by claiming information is *either* "patently incorrect" *or* "materially misleading." *Frazier*, 72 F.4th at 772. The resolution of Defendant's argument on one of those prongs therefore precludes the need for discussion on the other. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("Rule 12(b)(6) permits only the dismissal of claims, not legal theories."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, No. 22-cv-02251-JRS-MKK, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains.").

## IV.
## Conclusion

For the reasons above, Defendant's motion to dismiss is **DENIED**. Dkt. [13].

**SO ORDERED.**

Date: 10/6/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SIERRA LONG
1207 Hacienda Dr.
Avon, IN 46123

All electronically registered counsel